UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| ) | |
|     Plaintiff,           ) | No. 6:24-cr-00048-REW-HAI-1 |
| ) | |
| v.           ) | |
| ) | ORDER |
| STEPHON D. ROSS,           ) | |
| ) | |
|     Defendant.           ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 26 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Stephon Ross's guilty plea and adjudge him guilty of Count Two of the Indictment (DE 1). *See* DE 27 (Recommendation); *see also* DE 29 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 27 at 2–3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed);

28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 27, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count Two of the Indictment;

2. The Court will issue a separate sentencing order; and

3. Judge Ingram allowed Defendant to remain on bond pending acceptance of the plea. Ross stands convicted of aggravated fentanyl and meth trafficking. He is subject to mandatory detention per the terms of § 3143(a)(2). Ross would have the burden to establish an exception under § 3143 or § 3145. Seeing no showing in the current record, the Court further directs Ross to self-report to the United States Marshals Service in London, at the U.S. Courthouse, by **Monday, March 3, 2025, at 1:00 p.m**. The Clerk shall alert his counsel to this Order, and counsel shall ensure that Ross is aware of the self-report deadline, which remains in place absent an intervening order.

This the 22nd day of February, 2025.

Signed By:
*Robert E. Wier*
United States District Judge